# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Vincent Polite Brown, ) | Civil Action No. 5:20-4134-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| South Carolina Department of Corrections, ) | |
| Shayada Jackson, James Liscomb, ) | |
| Danielle Gilmore, Marcus Thomas, and ) | |
| Esther Labrador, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") that this action be dismissed for failure to prosecute. (Dkt. No. 49.)  For the reasons set forth below, the Court adopts the R & R as the order of the Court and dismisses with prejudice the claims against all Defendants.

## I.     Background

Plaintiff proceeds *pro se* to allege violations of his constitutional rights pursuant to 42 U.S.C. § 1983.  Defendants filed a motion to dismiss.  The Magistrate Judge notified Plaintiff of the importance to respond to a dispositive motion and that failure to respond could result in the action's dismissal.  Plaintiff did not respond to Defendant's motion. The Magistrate Judge directed Plaintiff to advise whether he wished to continue pursuing the case.  Plaintiff did not respond to the directive.  The Magistrate Judge ordered Plaintiff to update his mailing address to receive filings.  Plaintiff has failed to follow that order with recent filings returned to the Court.  The Magistrate Judge therefore recommends the case be dismissed for failure to prosecute.  Plaintiff filed no objection.

## II.     Legal Standard

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III.    Discussion

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Plaintiff's failure to respond to Defendants' motion and the Magistrate Judge's orders indicate his intent not to continue prosecuting the claims.  This subjects the claims to *sua sponte* dismissal. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").  The Court therefore finds that the Magistrate Judge correctly concluded that this action should be dismissed with prejudice pursuant to Rule 41(b). *See Davis v. Williams*, 588 F.2d 69, 70-71 (4th Cir. 1978) (dismissal with prejudice for failure to prosecute pursuant to Rule 41(b) is not abuse of discretion where plaintiff "is not blameless" and "there was a long history of delay").

-3-

## IV.     Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 49) as the order of the Court and **DISMISSES WITH PREJUDICE** the claims against all Defendants. The Clerk is directed to close this action.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

July 19, 2021
Charleston, South Carolina